CÁNDIDO NORIEGA, Plaintiff and Appellee, *v.* OBDULIO JIMÉNEZ SALTEBRÁN, Defendant and Appellant.

No. 6494.   Argued November 14, 1934.—Decided December 19, 1934.

*M. Guzmán Texidor* for appellant.   *R. Atiles Moreu* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Cándido Noriega brought an action of debt against Obdulio Jiménez in the Municipal Court of Cayey to recover $351.14 and obtained a judgment for $185.50. He appealed to the District Court of Guayama and, after trial, the district court upheld his complaint and compelled defendant to pay him the total amount claimed.

Defendant then took the present appeal assigning in his brief as the only error the following:

"The District Court of Guayama, P. R., committed error in over-ruling defendant's motion to dismiss the appeal taken by plaintiff-appellee, on the ground that for the purposes of the appeal, there was filed in the District Court, a defective transcript of the record which was not duly certified."

Arguing said error defendant-appellant maintains:

"The law regulating appeals from judgments of the Municipal Courts in civil cases, approved March 11, 1908, was amended by Act No. 13 approved November 14, 1917. Section 1 of said act provides as follows:

"Within twenty days after such notice of appeal has been filed the appellant shall file in the office of the secretary of the proper district court a transcript of each and every allegation, motion, etc.

"The said transcript shall be certified to by the attorney for the parties, or by the latter, in regard to its accuracy, and within five days after said transcripts has been filed, the appellee may request the district court, and the latter may enter an order, if proper, to provide that any allegation, document, order or writing which appears in the record of the municipal court, but has been omitted and is necessary for the proper decision of the case, be attached to the record of the same.

"If the attorney or the parties should refuse or fail to agree to certify the said copy or record, then the secretary of the municipal court shall do so upon request of the appellant, etc.

"Let us see if the transcript filed by Noriega in the District Court of Guayama complies with the requisites of said law.

"The record of this case shows a letter or petition of the attorney for plaintiff, Mr. Atiles Moreu, sent to the clerk of the Municipal Court of Cayey, the same day he sent his notice of appeal, and by said petition it is requested that said officer 'prepare and certify a transcript of record in this case and to deliver a copy to the attorney for the adverse party for the purposes of the appeal taken, etc.'

"So that according to said motion to the Clerk of the Municipal Court of Cayey, the same day that Noriega filed his notice of appeal, it appears that neither the consent of this attorney nor of defendant

Jiménez Saltebrán was requested to certify the transcript of the record. From the first moment, plantiff and appellant Noriega directed himself to the Clerk of the Munic'pal Court of Cayey to prepare and certify the transcript.''

In his brief appellee states that as the motion of appellant upon which the error is based does not appear in the record, the error can not even be argued.

In effect, the transcript filed by defendant-appellant before this Supreme Court is made up of the transcript filed in the district court coming from the municipal court and also the judgment of the district court and the notice of appeal.

The judgment apealed to this Court was rendered after a trial, during which, as stated in the judgment itself, evidence was offered. Said evidence does not appear, nor does the motion to which the error refers, nor any decision of the court on the matter. Nowhere in the record does it appear in any manner that the question was raised in the lower court.

Notwithstanding this fact we have studied it and in our opinion if there is sufficient basis in the record to decide it, it should be against appellant.

It is true that the law provides that the transcript filed in the district court for the purposes of the appeal be certified by the attorney for the parties, or by the latter, and that after providing thus it then provides that if the attorney or the parties should refuse or fail to agree to certify the said copy or record, then the secretary of the municipal court shall do so upon request of the appellant.

What is important in a case of this nature is that the copy that is filed in the appellate court be authentic, as it is to be the document upon which said court is to act, which authenticity can be obtained according to law by means of the certificate of the attorneys, of the parties or of the clerk.

The purpose of the Legislature in drafting the law in the manner it did was to give the appellant an opportunity to perfect his appeal with the least expense possible, but if the appellant himself waiving the opportunity does not even try to reach an agreement and requests the clerk to certify the transcript after paying the corresponding fees, we do not see that the law can be interpreted so that his action implies a dismissal of his appeal although the transcript is legally authenticated.

The agreement between two parties can never exist if one of them refuses. And the law does not say that the appellant must first request the appellee to join him in acting, as a condition precedent before requesting the clerk if the appellee refuses. It is very important to note that the law is not limited to saying "should refuse," but adds "or fails to agree."

Appellant also maintains when arguing the error that the very certificate to the transcript sent by the clerk of the municipal court to the district court, shows its insufficiency.

On this point, it is enough to say that a brief examination of the same shows the contrary. Said certificate states that the copies included correspond well and truly with the originals in the office of the clerk and constitute a complete transcript of the documents requested by appellant. A copy of the transcript was delivered as provided by law to the attorney for the adverse party without said attorney having requested within the time allowed by law that any allegation, document, order or writing which appeared in the record of the municipal court and was omitted and was necessary for the proper decision of the case, be attached to the record of the same. If the transcript has any defect, it is that of including more documents than were necessary.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Aldrey took no part in the decision of this case.